UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY DALE DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-2325-JAR |
| | ) |
| ZACHARY JACOBSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Gary Dale Dunn for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $4.61. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $23.07. The Court will therefore assess an initial partial filing fee of $4.61, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal

2

construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at the Washington County Jail, brings this action pursuant to 42 U.S.C. § 1983 against Sheriff Zachary Jacobson, Shannon Thompson, Steven Rion, and Brandon Thomlinson. He sues each defendant in an official and individual capacity.

Plaintiff states that, when he was booked into the Washington County Jail, he told jail officials he needed to wear special shoes due to a prior injury, but Rion, Thompson, Jacobson and Thomlinson said he could not have them and would need to see the doctor about medications. Plaintiff alleges that he did not receive his medications for three weeks after he was booked and suffered "several seizures," but "officials" denied him medical attention. (Docket No. 1 at 5). He alleges that, on or about June 10, 2017, he suffered a seizure and was given a candy bar and placed on the floor, and then returned to his tank. He states he told Jacobson, Thompson, and Rion that there were 12 to 15 inmates in a four-man cell, black mold was present, and there were no towel or hygiene supplies, but "officials" said they were not required to follow federal rules. Plaintiff concludes that his constitutional rights have been violated because he was denied medical treatment for health issues, "and the mold in the Washington County jail and the overcrowding." *Id.* He seeks monetary damages in the amount of $500,000.

## Discussion

As pleaded, the complaint fails to state a claim upon which relief can be granted against any named defendant. In setting forth his claims, while plaintiff states that he did not receive

3

requested medical treatment and was subjected to conditions he believes violate the law, he does not explain what each named defendant actually did, or failed to do, that violated his rights. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In order to state an actionable civil rights claim against a defendant, a plaintiff must set forth specific factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally-protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing).

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff is warned that the amended complaint will completely replace the original. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

specific facts that support his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable factual allegations against any named defendant will result in that defendant's dismissal from this case.

If plaintiff names more than one defendant, he should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may name only one defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $4.61. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

5

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 16th day of November, 2017.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE