# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GARY DALE DUNN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-cv-2325-JAR |
| ZACHARY JACOBSON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff commenced this civil action on August 28, 2017 by filing a complaint in this Court. He sought and was granted leave to proceed *in forma pauperis*, and the Court reviewed his complaint pursuant to 28 U.S.C. § 1915(e). The Court noted that the complaint was subject to dismissal, and directed plaintiff to submit an amended complaint.

When plaintiff did not timely respond, the Court, in recognition of his *pro se* status, *sua sponte* gave him additional time to do so. Plaintiff subsequently filed an amended complaint, but he failed to sign it as required by Rule 11 of the Federal Rules of Civil Procedure. In an order dated April 3, 2018, the Court directed plaintiff to sign the amended complaint and return it to the Court. In that order, the Court specifically cautioned plaintiff that his failure to timely comply would result in the amended complaint being stricken pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff's response was due to the Court on May 3, 2018, but he neither complied with the Court's order nor sought additional time to do so. On May 14, 2018, the Court entered an order noting that it appeared plaintiff had made some effort to file a complaint to allege he was

wrongfully denied medical treatment, and giving plaintiff one last chance to file a signed amended complaint for the Court's review and consideration. In that order, the Court specifically cautioned plaintiff that his failure to timely comply would result in the dismissal of his case, without prejudice and without further notice.

Plaintiff's response was due to the Court on June 13, 2018. To date, however, he has not complied with either of the Court's prior orders, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, and expressly warned him regarding the consequences that would follow if he failed to timely comply with its orders. Therefore, the Court will strike plaintiff's complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure, and will dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's failure to comply with prior court orders and his persistent failure to prosecute his case. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (Rule 41 dismissal is appropriate in cases of, *inter alia*, persistent failure to prosecute a complaint); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that the amended complaint (Docket No. 7) is **STRICKEN** pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of June, 2018.

                                           /s/ John A. Ross
                                           JOHN A. ROSS
                                           UNITED STATES DISTRICT JUDGE